## CONTEMPT PROCEEDINGS FOR VIOLATING AN INJUNCTION.

Circuit Court of Cuyahoga County.

RAY ET AL V. BROADWAY & NEWBURG STREET RAILWAY CO. *

Decided, 1896.

*Contempt—Charges of, for Violation of an Injunction—Independent Proceeding Unnecessary—Affidavit Need only Allege Violation of the Order—Penalty—Limit of Fine Prescribed Applies to the Defendants Individually, and not Collectively—Nature of Notice which Must be Served on Defendants.*

1. Where there has been a violation of an order of injunction, it is not necessary to docket an independent action in contempt, or proceed in an independent prosecution, to enforce the order made in the civil action. The court continues to have control to enforce the order under authority of Section 5581, Revised Statutes.
2. It is not necessary that the affidavit for an attachment for a violation of an order of injunction should state the pendency of the original action, the orders, etc.; all that is required, in addition to what is already upon the record, is a statement of violation of the order not in the presence of the court.
3. The assessment of a fine, under Section 5581, for a violation of an order of injunction providing that "such party may be required by the court or judge to pay a fine not exceeding $200," is an individual matter, and where there are several defendants each must respond for himself for the wrong he has done and the limit may be applied to each, and not to the defendants collectively.
4. It is not necessary that persons accused of violating an order of injunction, and brought before the court upon attachment, should be served with a copy of the affidavit, or the order which they have disobeyed. Upon being served with the injunction they were supposed to inform themselves at once of what they were enjoined from doing. And where the record discloses that in a contempt proceeding the charges were read to defendants in open court, it is sufficient.

HALE, J.; CALDWELL J., and MARVIN, J., concur.

The case of Alexander Ray against the Broadway & Newburg Street Railway Company is a proceeding in error in which it

---

* Affirmed without report (57 Ohio St., 664).

is sought to reverse a judgment of the court of common pleas.

The case has been pending here for a long while, but for various reasons not reached for hearing. Whether this delay has made the question less important to parties or not, I am not aware. However, it involves the validity of a certain judgment that was rendered against the plaintiff in error in a contempt proceeding.

An action was commenced by the railway company, the object of which was to enjoin the defendants named in that action from doing certain acts which were claimed to be in violation of the rights of the railway company. On the allegation of the petition a temporary injunction was allowed; the usual endorsement was made upon the summons, and the summons served upon the defendants. Very soon thereafter an affidavit was filed in the court, charging that fourteen of the defendants named in the original action had and were violating the order of the court and disobeying the injunction that had been allowed. On that affidavit being filed, an order was made directing the arrest of the defendants. They were arrested and brought before the court. The proceedings had from that point on are claimed in several respects to be erroneous, following the points that are suggested by counsel:

"First. The court erred in refusing the request of Ray and others for a copy of the accusation against them when brought before the court by the sheriff under arrest."

That is, the claim is that there should have been, as in a criminal case, a copy of the affidavit served upon the plaintiffs in error, liking it to a criminal prosecution.

The record discloses that the charges made against the plaintiffs in error were read to them in open court. It was fully made known to them—the charges that existed and were made against them. In connection with some other part of the case, I will further note this error. But so far as we say here, we do not think that there was any error to the prejudice of the plaintiff, upon the ground here claimed.

"Second. The court erred in refusing the request of Ray and others that the proceeding against them be docketed as an in-

dependent action, and in holding that the proceeding was a part of the action of *The Broadway & Newburg Street Railway Company* v. *The Employees Union, Charles Narrow et al*, then pending in said court."

The proposition is, that in an injunction suit, where an order of injunction has been issued by the court and there has been a violation of that order of injunction, that it is necessary to docket an independent action, and proceed by an independent prosecution, to enforce the order made in the civil action.

Section 5577, Revised Statutes, provides that "the order of injunction shall be addressed to the party enjoined, shall state the injunction, and shall be issued by the clerk; when the injunction is allowed at the commencement of the action, the clerk shall endorse on the summons, 'injunction allowed,' and it shall not be necessary to issue the order of injunction."

I have always understood that to mean, that when the injunction is allowed and endorsed upon the summons, it should have the same effect precisely as if it had been made and served upon the party after the commencement of the action; and upon endorsement on the summons "injunction allowed," and summons served upon the party, he must take notice of what the petition contains.    He is supposed to inform himself at once of what he is enjoined from doing.    At all events, that is the plain provision of the statute.

Now, Section 5581, Revised Statutes, provides the mode of enforcing the order:

"An injunction or restraining order granted by a judge may be enforced as the act of the court, and disobedience thereof may be punished by the court, or any judge who might have granted it in vacation, as a contempt; an attachment may be issued by the court or judge, upon being satisfied by affidavit of the breach of the injunction or restraining order, against the party guilty of the same; and such party may be required by the court or judge to pay a fine not exceeding $200 for the use of the county, to make immediate restitution to the party injured, and to give further surety to obey the injunction or restraining order, and in default thereof, he may be committed to close custody until he complies with such requirement, or is otherwise legally discharged."

We suppose that the court granting the injunction, forbidding the doing of a certain act, may enforce that order in the case in which the order is made, and in the mode pointed out by the section of the statute that I have just read. Of course the court has made the order; it has gone upon the journals; the whole proceedings are before the court down to the violation of the order. The statute then provides that when it is brought to the attention of the court, by affidavit, that the order has been violated, then the party may be brought before the court and the proceedings taken pointed out by the statute. It is simply enforcing an order made by the court, of which the court has full cognizance in that particular case. We see no necessity for docketing the separate case.

"Third. The court erred in overruling the demurrer of Ray and others to the charge."

That is, upon this theory: the claim is that the affidavit should state the pendency of the original action, the orders made, and everything necessary to show that the order violated has been made by the court, that that should go into the affidavit.

We take the view, however, that the order having been made in the case, that as part of the record of the case, being a proceeding simply to prevent the violation of that order, to enforce that order, all that was required in addition to what was already upon the record was the filing of the affidavit of the violation of the order which occurred out of the presence of the court, and then the court might act.

"Fourth. The court erred in refusing to discharge Ray and others on their answer to the charge."

That answer was in substance a general denial. That is, having demurred to the affidavit, which was overruled, they then answered, denying the fact that they had violated the order made by the court, and asserting that they had no intention of violating any order of the court, and did not propose to. The court, treating that as a denial of the allegations made in the affidavit, that there had been a violation of the order, investigated, heard what both parties had to offer upon that issue as to whether

the order had been violated or not; and on the testimony found against plaintiffs in error, as the testimony fully justified the court in holding.

It is further claimed as a ground on which these parties ought to have been discharged that they had no notice of what the injunction was, or what they were forbidden from doing. There were fourteen of these parties that were arrested under this order; seven of them were held; seven discharged. And looking to this testimony, it very clearly appears that none were held for the violation of the previous order of injunction except those against whom it was fully established that they had knowledge, not only of the injunction that had been allowed against them, but that they had violated that order. The evidence fully establishes those two propositions as to those who were adjudged in contempt of court.

"Fifth. The court erred in the admission of evidence on the trial."

Without stopping and making this opinion so long, I will say that we are fully satisfied that there was no error committed by the court in the admission of testimony.

"Sixth. The judgment is not supported by sufficient evidence, and the court erred in overruling the motion for a new trial."

I have already said all I desire to say upon that.

"Seventh. The court erred in refusing the application of the accused for a jury trial."

I hardly think it would be claimed, on careful reflection, that the court granting an order of injunction must impannel a jury to ascertain whether that injunction has been violated or not, before they may proceed against parties violating it. It is eminently a question for the court to investigate and determine.

"Eighth. The amounts ordered to be paid by Ray and others aggregated $1,000, and exceed the limit fixed for a violation of an injunction provided by Section 5581, Revised Statutes."

The question there made is that there were seven that were adjudged in contempt of court. The maximum fine that could

be imposed for the use of the county was $200. There were seven of them. They were in the aggregate fined $1,000. It is claimed that the aggregate could be only $200.

We think that when you come to the assessment of the fine, it was an individual matter, and each must respond for himself for the wrong he had done, and that the limit of the $200 must apply individually, and not as a whole.

"Ninth. The State of Ohio not being a party to the proceedings, the judgment rendered as to the fines imposed are invalid."

What we have already said would answer that, that it is a proceeding in the original case to enforce the order made.

It is further said that the order as to the payment by each of the defendants is invalid, for want of definiteness and certainty.

We do not find any such indefiniteness and uncertainty as would cause us to set it aside.

The real merits of this contention are whether the proceeding provided by statute for the enforcement of an order of injunction, is a proceeding in the case in which the order was made over which the court continues to hold and have control to enforce that order in the manner pointed out by the statute, or whether it can only be done by an independent action.

We hold that the former is the true rule, and that there was no error in this proceeding.

*Arnold Green,* for plaintiffs in error.

*Squire, Sanders & Dempsey,* for defendant in error.